IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-HC-2079-H

JOHN MARVIN BALLARD,           )
                               )
    Petitioner,                )
                               )
                               )
                               )
    v.                         )           **ORDER**
                               )
                               )
ERIC HOLDER,                   )
                               )
    Respondent.                )

John Marvin Ballard ("Ballard") is a civil detainee confined at the Federal Correctional Institution at Butner, North Carolina pursuant to 18 U.S.C. § 4248. The court now conducts its preliminary review under 28 U.S.C. § 2243 and dismisses the petition. The court has reviewed petitioner's application to proceed in forma pauperis and is satisfied that petitioner is in fact indigent. Therefore, the court grants petitioner's motion to proceed in forma pauperis.

Ballard is civilly committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4248(d). See United States v. Ballard, No. 5:10-HC-2155-H, [DE #212] (E.D.N.C. May 22, 2014). He is confined at Butner as a result of his commitment.

Ballard argues that his detention and restraint is unlawful because although petitioner is a civil detainee, he is being held in a punitive environment. He bases his claim on his allegation that on April 9, 2015, an inmate serving a criminal sentence was moved into the segregated civil commitment unit, essentially making the conditions of Ballard's confinement punitive in nature.

The Fifth Amendment generally prohibits the federal government from subjecting civilly committed persons to punitive confinement conditions. See Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). When determining whether a civil detainee's confinement conditions violate the Fifth Amendment, courts must balance the detainee's constitutionally protected liberties with the government's reasons for restricting those liberties. See Youngberg, 457 U.S. at 320-22. "[D]ue process requires that the conditions and duration of confinement [for a civilly committed person] bear some reasonable relation to the purpose for which [the person is civilly] committed." Seling v. Young, 531 U.S. 250, 265 (2001). Nevertheless, government officials are permitted to determine the conditions of a detainee's confinement, within the bounds of professional discretion. See Youngberg, 457 U.S. at 321-22. The

2

Constitution is not concerned with de minimis restrictions on a detainee's liberties. Id. at 320; see Jones, 393 F.3d at 932.

Ballard's allegation that an inmate serving a criminal sentence was moved into the Maryland unit (the area at Butner designated for § 4248 detainees) for some unspecified period of time, without more, does not rise to a constitutional violation. Hood v. Johns, No. 5:11-CT-3072-FL, 2012 WL 3839987, at *5 (E.D.N.C. Sept. 5, 2012) ("The practice of housing civil detainees with convicted inmates does not, by itself, violate a detainee's constitutional rights.").

Additionally, Ballard complains that he has not been released to an appropriate state agency in the state in which he is domiciled pursuant to 18 U.S.C. § 4248(d). However, the only injury Ballard alleges from the alleged failure of the attorney general to consult with Ballard's state of domicile is his continued confinement in a federal institution which he alleges resulted in his being housed with criminal inmates. Having already found that being housed with an inmate serving a criminal sentence does not alone rise to the level of a constitutional violation, the court finds Ballard has no standing to assert a claim regarding the Attorney General's mandate to consult with Ballard's state of domicile. To have standing, a petitioner must allege that he, himself, sustained

3

deprivation of a right, privilege, or immunity secured by the Constitution or federal law. Inmates v. Owens, 561 F.2d 560 (4th Cir.1977); see also, Allen v. Wright, 468 U.S. 737, 751 (1984). Furthermore, to demonstrate standing, "a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by requested relief." Allen, 468 U.S. at 751. Petitioner has failed to allege any injury. See Johnson v. Holder, No. 5:13-CT-3232-BO, 2015 WL 1000339, at *2 (E.D.N.C. Mar. 6, 2015).

## CONCLUSION

For the foregoing reasons, Ballard's motion to proceed in forma pauperis is GRANTED, and the petition for writ of habeas corpus is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk is directed to close this case.

This 12th day of November 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26